IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PEGGY A. PELLOT,

    Plaintiff,

    v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

CIVIL NO. 08-1297 (RLA)

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
**FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

    Defendants have moved the court to enter summary judgment dismissing the complaint for failure to exhaust administrative remedies. The court having reviewed the arguments presented by the parties as well as the documents attached thereto hereby finds that the request is not warranted.

    On April 18, 2007, plaintiff, an employee of the Army and Air Force Exchange Service ("AAFES"), submitted a formal complaint to her employer alleging employment discrimination.

    On January 17, 2008, plaintiff formally withdrew her claim from the administrative process. No determination regarding plaintiff's claim had been issued by the agency at that time.

    Plaintiff subsequently filed the instant suit on March 12, 2008.

    Defendants contend that plaintiff prematurely commenced these proceedings in that she failed to await for the agency's decision regarding her administrative complaint.

**CIVIL NO. 08-1297 (RLA)**                                                              **Page 2**

However, as plaintiff correctly points out, 42 C.F.R. § 1614.407(b) allows for an employee to institute judicial proceedings after 180 days from having filed the administrative complaint have elapsed provided that the agency has not yet acted on the claim. *See*, Mays v. Principi, 301 F.3d 866, 868 (7th Cir. 2002) (suit not premature even though filed before administrative complaint; dismissal denied since plaintiff waited the required 180 days before suing); Johnson v. Veneman, 569 F.Supp.2d 148, 158 (D.D.C. 2008) ("EEOC also allows filing of a complaint in U.S. District Court if no final action has been taken within 180 days of filing of the original complaint"); More v. Snow, 480 F.Supp.2d 257, 270 (D.D.C. 2007) ("employee... may file a civil action at any time after a complaint has been pending before the agency or the EEOC for at least 180 days.")

Inasmuch as more than 180 days had elapsed between the time when plaintiff initially filed her complaint with AAFES on April 18, 2007, and the date when she withdrew her claim on January 17, 2008, we find that she adequately exhausted the requisite administrative remedies.

Based on the foregoing, defendants' Motion for Summary Judgment (docket No. **7**) is **DENIED.**

IT IS SO ORDERED.

San Juan, Puerto Rico, this 2nd day of February, 2009.

                                                      S/Raymond L. Acosta
                                                      RAYMOND L. ACOSTA
                                            United States District Judge