IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PEGGY A. PELLOT,

    Plaintiff,

    v.                                    CIVIL NO. 08-1297 (RLA)

UNITED STATES OF AMERICA,
et al.,

    Defendants.

## ORDER DENYING MOTION TO DISMISS
## AND SETTING DEADLINE FOR DEFENDANTS TO ANSWER THE COMPLAINT

Defendants have moved the court to dismiss the instant complaint under Rules 12(b)(1) and 12(b)(6) Fed. R. Civ. P. alleging that it fails to properly adduce our subject matter jurisdiction and that it also fails to state a colorable claim.

Plaintiff instituted this action pursuant to the provisions of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Specifically, plaintiff seeks relief based on her supervisor's alleged harassment and failure to accommodate her needs at work due to her diabetic condition.

Defendants contend that the complaint fails to indicate that: she had a disability which substantially affected or limited one or more of her major life activities; plaintiff was qualified to perform the essential functions of her position and she suffered an adverse employment decision by reason of her disability.

## II. RULE 12(b)(1) AND RULE 12(b)(6)

As previously noted, movant argues dismissal premised on both lack of subject matter jurisdiction as well as plaintiffs' failure to state a colorable claim.

The court's authority to entertain a particular controversy is commonly referred to as subject matter jurisdiction. "In the absence of jurisdiction, a court is powerless to act." Am. Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP, 362 F.3d 136, 138 (1st Cir. 2004).

Federal courts are courts of limited jurisdiction and hence, have the duty to examine their own authority to preside over the cases assigned. "It is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). See also, Bonas v. Town of North Smithfield, 265 F.3d 69, 73 (1st Cir. 2001) ("Federal courts, being courts of limited jurisdiction, have an affirmative obligation to examine jurisdictional concerns on their own initiative.")

Further, subject matter jurisdiction is not waivable or forfeited. Rather, it involves a court's power to hear a case, it may be raised at any time. Kontrick v. Ryan, 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004); United States v. Cotton, 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). "The objection that a federal court lacks subject-matter jurisdiction... may be raised by a party, or by a court on its own initiative, at any stage in the litigation,

even after trial and the entry of judgment." <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 506, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006).

The proper vehicle for challenging the court's subject matter jurisdiction is Rule 12(b)(1) whereas challenges to the sufficiency of the complaint are examined under the strictures of Rule 12(b)(6). In disposing of motions to dismiss for lack of subject matter jurisdiction the court is not constrained to the allegations in the pleadings as with Rule 12(b)(6) petitions. Rather, the court may review extra-pleading material without transforming the petition into a summary judgment vehicle. <u>Gonzalez v. United States</u>, 284 F.3d 281, 288 (1st Cir. 2002); <u>Aversa v. United States</u>, 99 F.3d 1200, 1210 (1st Cir. 1996).

In disposing of motions to dismiss pursuant to Rule 12(b)(6) Fed. R. Civ. P. the court will accept all factual allegations as true and will make all reasonable inferences in plaintiff's favor. <u>Frazier v. Fairhaven Sch. Com.</u>, 276 F.3d 52, 56 (1st Cir. 2002); <u>Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.</u>, 267 F.3d 30, 33 (1st Cir. 2001); <u>Berezin v. Regency Sav. Bank</u>, 234 F.3d 68, 70 (1st Cir. 2000); <u>Tompkins v. United Healthcare of New England, Inc.</u>, 203 F.3d 90, 92 (1st Cir. 2000).

Our scope of review under this provision is a narrow one. Dismissal will only be granted if after having taken all well-pleaded allegations in the complaint as true, the court finds that plaintiff is not entitled to relief under any theory. <u>Brown v. Hot, Sexy and</u>

**CIVIL NO. 08-1297 (RLA)**                                    **Page 4**

Safer Prods., Inc., 68 F.3d 525, 530 (1st Cir. 1995) *cert. denied* 116
S.Ct. 1044 (1996); Vartanian v. Monsanto Co., 14 F.3d 697, 700
(1st Cir. 1994). Further, our role is to examine the complaint to
determine whether plaintiff has adduced sufficient facts to state a
cognizable cause of action. Alternative Energy, 267 F.3d at 36. The
complaint will be dismissed if the court finds that under the facts
as pleaded plaintiff may not prevail on any possible theory.
Berezin, 234 F.3d at 70; Tompkins, 203 F.3d at 93.

It appearing that defendants' challenges under our consideration
are directed at the sufficiency of the claims as plead in the
complaint, we shall examine plaintiff's allegations by applying the
Rule 12(b)(6) criteria.

Except in cases where either a statute or rule specifically
imposes a heightened pleading standard, "courts faced with the task
of adjudicating motions to dismiss under Rule 12(b)(6) must apply the
notice pleading requirements of Rule 8(a)(2). Under that rule, a
complaint need only include a short and plain statement of the claim
showing that the pleader is entitled to relief. This statement must
give the defendant fair notice of what the plaintiff's claim is and
the grounds upon which it rests... In... cases for which no statute
or Federal Rule of Civil Procedure provides for different treatment,
a court confronted with a Rule 12(b)(6) motion may dismiss the
complaint only if it is clear that no relief could be granted under
any set of facts that could be proved consistent with the

CIVIL NO. 08-1297 (RLA)                                              **Page 5**

allegations." <u>Educadores Puertorriqueños en Acción v. Rey-Hernández</u>, 367 F.3d 61, 66 (1ˢᵗ Cir. 2004) (internal citations and quotation marks omitted). "[U]nder Fed. R. Civ. P. 8 it is not necessary that a legal theory be pleaded in the complaint if plaintiff sets forth sufficient factual allegations to state a claim showing that he is entitled to relief under *some* viable legal theory." <u>Fitzgerald v. Codex Corp.</u>, 882 F.2d 586, 589 (1ˢᵗ Cir. 1989) (internal citations and quotation marks omitted, italics in original).

### REHABILITATION ACT

Disability discrimination in federal employment is specifically covered by the provisions of the Rehabilitation Act and not by the American with Disabilities Act ("ADA"), 42 U.S.C. 12101-12213. *See*, <u>Enica v. Principi</u>, 544 F.3d 328, 338 n.11 (1ˢᵗ Cir. 2008) ("[a]s a federal employee, [plaintiff] is covered under the Rehabilitation Act and not the ADA.")

However, "the case law construing the ADA generally pertains equally to claims under the Rehabilitation Act." <u>Calero-Cerezo v. U.S. Dep't of Justice</u>, 355 F.3d 6, 19 (1ˢᵗ Cir. 2004). *See also*, <u>Enica</u>, 544 F.3d at 338 n.11 ("since the same standards apply to both the Rehabilitation Act and ADA, we rely on precedent construing both statutes"); <u>Rios-Jimenez v. Principi</u>, 520 F.3d 31, 41 n.6 (1ˢᵗ Cir. 2008) ("same standard of proof applies to claims under the ADA and the Rehabilitation Act"); <u>Freadman v. Metro. Prop. and Cas. Ins. Co.</u>, 484 F.3d 91, 103 (1ˢᵗ Cir. 2007) ("[c]laims under Title I of the ADA

and § 504 of the Rehabilitation Act are analyzed under the same standards"); Oliveras-Sifre v. Puerto Rico Dep't of Health, 214 F.3d 23, 25 (1st Cir. 2000) ("[a]n employment discrimination claim under section 794 of the Rehabilitation Act is analyzed under the same standards applicable to Title I of the ADA.")

"The ADA and Rehabilitation Act prohibit discrimination against an otherwise qualified individual based on his or her disability. The Rehabilitation Act, the precursor of the ADA, applies to federal agencies, contractors and recipients of federal financial assistance, while the ADA applies to private employers with over 15 employees and state and local governments." Calero-Cerezo, 355 F.3d at 19.

The Rehabilitation Act protects employees from disability-based harassment in the workplace if it is severe enough to constitute a hostile work environment. "To establish a hostile work environment, [plaintiff] ha[s] to show that [her] workplace was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." Quiles-Quiles v. Henderson, 439 F.3d 1, 7 (1st Cir. 2006) (citations and internal quotation marks and brackets omitted). See also, Rios-Jimenez, 520 F.3d at 43. "Among the factors relevant to this inquire are the severity of the conduct, its frequency, and whether it unreasonably interfered with the victim's work performance." Quiles-Quiles, 439 F.3d at 7; Rios-Jimenez, 520 F.3d at 43.

Employees with a disability are also entitled to a reasonable accommodation in their place of work. "In addition to prohibiting disparate treatment of individuals with disabilities, the Rehabilitation Act and American with Disabilities Act ('ADA') impose an affirmative duty on employers to offer a reasonable accommodation to a disabled employee." <u>Enica</u>, 544 F.3d at 338 (internal citation and quotation marks omitted). "The federal statutes barring discrimination based on disability do more than merely prohibit disparate treatment; they also impose an affirmative duty to employers to offer a 'reasonable accommodation' to a disabled employee." <u>Calero-Cerezo</u>, 355 F.3d at 19-20.

In order to establish a claim for discrimination under the Rehabilitation Act plaintiff "must prove by a preponderance of the evidence that: 1) she was disabled within the meaning of the statute; 2) she was qualified to perform the essential functions of the job, either with or without a reasonable accommodation; and 3) the employer took adverse action against her because of the disability." <u>Rios-Jimenez</u>, 520 F.3d at 41.

"In order to assert a claim for failure to accommodate under the Rehabilitation Act, [plaintiff] must establish that she (1) suffers from a 'disability' within the meaning of the statute, (2) is a qualified individual inasmuch as she is able to perform the essential functions of her job, with or without reasonable accommodation, and

(3) that, despite its knowledge of her disability, the [defendant] did not offer a reasonable accommodation." Enica, 544 F.3d at 338.

Specifically, defendants contend that "plaintiff must allege at her complaint sufficient pleadings setting forth a disability under the ADA or the Rehabilitation Act of 1973, by showing that she (1) has a disability; (2) was qualified to perform the essential functions of employment with or without reasonable accommodation; and (3) suffered an adverse employment decision due to disability." Defendants' Memorandum of Law (docket No. 11) p. 4.

We find that defendant's first challenge is untenable. In the complaint[1] plaintiff indicates that she was diagnosed with diabetes which she controls with Metformin and which requires that she eat at regular intervals to avoid low sugar levels.

Diabetes has specifically been found to constitute an impairment within the meaning of the statute. "We have little difficulty in concluding that diabetes is a 'physical impairment' under the ADA... Diabetes is a physical impairment under the ADA because it is a physical condition affecting the digestive, hemic, and endocrine systems... Also, EEOC regulations specifically include diabetes in the definition of a physical impairment." Fraser v. Goodale, 342 F.3d 1032, 1038 (9th Cir. 2003).

Next, defendant posits that plaintiff has failed to indicate that she was qualified to perform the essential functions of her

---

[1]  Complaint ¶ 8.

CIVIL NO. 08-1297 (RLA)                                             **Page 9**

position with or without accommodation. This argument is totally without merit. At ¶¶ 7, 8 and 9, the pleading specifically states that plaintiff had been employed with AAFES for 13 years and for about 5 years held the position of Food Activity Foreman at Popeye's in Fort Buchanan, Puerto Rico. It is also evident from the complaint that but for defendants' discrimination she would still be working at her job.

In her complaint[2] plaintiff further described the type of accommodation warranted by her diabetic condition, *i.e.*, need for regular break schedules, as well as defendant's refusal to grant plaintiff's request for accommodation despite her repeated requests.

Additionally, there are abundant allegations regarding the constant harassment plaintiff was subjected to by MR. LARRY BRYANT, the new Food Court Manager, tantamount to a hostile environment claim.

Based on the foregoing, we find that the complaint properly puts defendants on notice of her disability-based claims.

**CONCLUSION**

Accordingly, defendants' Motion to Dismiss (docket No. **10**) is **DENIED**.

---

[2] Complaint ¶¶ 13 and 16.

**CIVIL NO. 08-1297 (RLA)**                                    **Page 10**

_____

     Defendants shall answer the complaint or otherwise plead **on or before February 27, 2009.**

     IT IS SO ORDERED.

     San Juan, Puerto Rico, this 2nd day of February, 2009.

                                        S/Raymond L. Acosta
                                 _____
                                      RAYMOND L. ACOSTA
                                 United States District Judge